**UNITED STATES of America, Appellee,**

v.

**Scott Timothy COHOON, Appellant.**

**No. 89–5004.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 14, 1989.

Decided Oct. 2, 1989.

Michael D. Stevens, Yankton, S.D., for appellant.

Philip N. Hogen, Sioux Falls, S.D., for appellee.

Before JOHN R. GIBSON, Circuit Judge, ROSS, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

PER CURIAM.

Scott Timothy Cohoon appeals from a sixty-three month sentence he received in

connection with his plea of guilty to distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). For resentencing, Cohoon argues that the district court[1] abused its discretion in its application of the Federal Sentencing Guidelines. We affirm.

On July 12, 1988, Cohoon telephoned undercover agent Duane Dahl of the South Dakota Division of Criminal Investigation to arrange a drug transaction. Cohoon arrived at the meeting place with his brother, Patrick, to sell three ounces of cocaine to agent Dahl. Dahl wore a concealed electronic recording device. During the course of the meeting, Cohoon indicated he had handled two kilograms of cocaine. He detailed that the current kilo was wafer-like while a former kilo was rock-like. Additionally, the Cohoons indicated they had made four ounces of cocaine available to another agent on July 5, 1988. The Cohoons sold the three ounces of cocaine to Dahl and were placed under arrest.

Scott Cohoon was charged with possession with intent to distribute one kilogram of cocaine in violation of 21 U.S.C. § 841(a)(1) (Count I); distribution of three ounces of cocaine in violation of 21 U.S.C. § 841(a)(1) (Count II); use of a communication facility for distribution of cocaine in violation of 21 U.S.C. § 843 (Count III); and conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841, 846 (Count IV). Patrick was indicted on Counts I, II, and IV. Pursuant to a plea agreement, both pleaded guilty to Count II and the government dismissed the remaining counts.

In his presentence investigation report, Scott Cohoon stated he had a cocaine source in California and had made several trips there to purchase cocaine. Patrick admitted selling one ounce of cocaine in two one-half ounce transactions to someone in Yankton, South Dakota. The report assigned a base offense level of 20 (for both Scott and Patrick); a two point downward adjustment for acceptance of responsibility; a criminal history category of I; and a sentencing guideline range of twenty-seven

to thirty-three months for Scott Cohoon. The government filed its objection to the report, urging that Scott Cohoon handled two kilograms of cocaine.

At sentencing, a transcript of the taped conversation was introduced along with agent Dahl's testimony about the arrest. Cohoon did not rebut or explain his statements. The district court found the evidence sufficient to establish that Scott Cohoon handled two kilograms of cocaine and was a major participant under a common scheme or plan. Scott Cohoon was given a base offense level of 28, and sentenced to sixty-three months incarceration and five years supervised release. Patrick received a twenty-four month sentence. Scott Cohoon argues that his base offense level should have been 20 because only 226 grams (8 ounces) of cocaine were involved.

■ The district court enjoys wide discretion in making sentencing determinations. *United States v. Papajohn*, 701 F.2d 760, 763–64 (8th Cir.1983). Information relating to criminal activity for which the defendant was not prosecuted and uncorroborated hearsay evidence can be properly considered by the sentencing court provided the defendant has had an opportunity to explain or rebut the evidence. *United States v. York*, 830 F.2d 885, 893 (8th Cir.1987) (per curiam), *cert. denied*, 484 U.S. 1074, 108 S.Ct. 1047, 98 L.Ed.2d 1010 (1988).

■ In light of Cohoon's admissions during the taped conversation and in his presentence investigation report, we conclude that Cohoon had a working relationship with a source in California, and that he sold cocaine in Nebraska and South Dakota. Sufficient evidence demonstrated that the sale of cocaine to Dahl was part of a common scheme or plan to sell cocaine. *See United States v. Mann*, 877 F.2d 688, 690 (8th Cir.1989) (district court properly grouped quantities of cocaine involved from two cocaine sales where defendant was charged with only second sale at which defendant noted "this stuff is different").

1. The Honorable John B. Jones, United States District Judge for the Southern District of South Dakota.

Thus, the district court properly held Co-hoon accountable for the entire two kilograms of cocaine even though he was not indicted or convicted for such offense. *See United States v. Williams*, 879 F.2d 454 (8th Cir.1989) (using conduct under dismissed charges to increase sentence); *Mann, supra*, 877 F.2d at 689–90 (considering full 142.2 grams of cocaine where defendant charged with selling only 60.04 grams).

We find no merit to appellant's contention that he should have been sentenced to no longer term than his brother Patrick. *See United States v. Heisinger*, 846 F.2d 1168, 1169 (8th Cir.1988) (per curiam).

Finding no abuse of discretion, we affirm.