UNITED STATES of America, Appellee,

v.

Scott Alan NISCHWITZ, Appellant.

No. 89–1820.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 17, 1989.

Decided April 2, 1990.

Dennis Currell, Cedar Rapids, Iowa, for appellant.

Richard L. Murphy, Cedar Rapids, Iowa, for appellee.

Before WOLLMAN, Circuit Judge, HEANEY, Senior Circuit Judge, and WEBB,* District Judge.

* The HONORABLE RODNEY S. WEBB, United States District Judge for the District of North Dakota, sitting by designation.

WOLLMAN, Circuit Judge.

Scott Alan Nischwitz appeals from the sentence of the district court.[1] We affirm.

In November 1988, Nischwitz was charged in a five-count indictment. The indictment contained three counts of using a telephone in facilitating the distribution of cocaine, in violation of 21 U.S.C. §§ 843(b) and 843(c); one count of distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and one count of conspiracy to distribute and possess with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. § 846. Nischwitz pleaded guilty to the conspiracy count following a plea agreement with the government in which the four other counts were dismissed.

The district court reviewed the plea agreement with Nischwitz at the plea hearing. Nischwitz stated that he had discussed with his defense counsel how the United States Sentencing Guidelines (Guidelines) might apply in his case. Nischwitz stipulated to an adjusted offense level of 20, which had a range of 33 to 41 months. The district court twice informed Nischwitz during the hearing that under the conspiracy count statute the maximum fine was $1,000,000 and the maximum prison sentence was 20 years.

On December 1, 1988, the government filed a non-binding Statement of Offense Conduct with the probation office, which alleged that Nischwitz had understated the quantities of cocaine and marijuana involved in the conspiracy.

On December 21, 1988, the presentence investigation report was completed and sent to the parties. The government then requested that Nischwitz submit to a polygraph examination, which was conducted on April 5, 1989. On April 28, 1989, the government filed a motion to vacate and revoke the plea agreement, contending that Nischwitz had been untruthful by understating his involvement in the conspiracy concerning the amount of his drug activity

1. The Honorable David R. Hansen, United States District Judge for the Northern District of Iowa.

and that he had failed to abide by the plea agreement.

During a recess at the revocation hearing, the government and Nischwitz agreed to rescind the plea agreement and enter into a new plea agreement without a new plea. The parties stipulated that the adjusted offense level should be 26, with a criminal history category of I, and that the remaining four counts of the indictment should be dismissed. The court summarized this agreement for Nischwitz at the hearing:

> The presentence report in this case filed by the probation officer had identified an adjusted offense level of 20, and as I understand it, your agreement would provide that the Court would be sentencing at an offense level of 26. The difference there being the difference in the sentencing range initially of 33 to 41 months and a sentencing range under your new agreement at Level 26 of 63 to 78 months.

Nischwitz was then sentenced to 66 months' imprisonment, a fine of $1000, and the mandatory $50 special assessment.

Nischwitz asks that he be allowed to withdraw his guilty plea. He argues that the Guidelines have unconstitutionally eliminated the judge's sentencing discretion. Nischwitz contends that the prosecutor may manipulate the charges to obtain the sentence he seeks. Although the "judge would still pronounce the sentence, he would merely parrot a decision already made by the prosecutor." *United States v. Bethancurt,* 692 F.Supp. 1427, 1435 (D.D.C.1988).

This argument comes too late, as we have already held that the Guidelines are not facially unconstitutional on grounds similar to those advanced by Nischwitz. Nor is there any constitutional infirmity in the Guidelines based upon the specific facts alleged in this case. Nischwitz knowingly and voluntarily entered a guilty plea, stipulating to an offense level of 26 and understanding the Guidelines ranges applicable to his case. He will not now be heard to raise a challenge to that which he agreed to, there having been no violation of due process in the procedure leading to the entry of his plea and the sentence imposed.

The sentence is affirmed.