911 F.2d 734
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Diana M. BARTON, Willie B. Ramsey (90-5125), Defendant-Appellee.
 Nos. 90-5124, 90-5125.
 United States Court of Appeals, Sixth Circuit.
 Aug. 23, 1990.
 
 Before NATHANIEL K. JONES and ALAN E. NORRIS, Circuit Judges, TODD, District Judge.*
 PER CURIAM.
 
 
 1
 The United States appeals from the judgments and commitment orders of the district court entered against defendants Willie Bruce Ramsey and Diana Marie Barton. The basis of the government's appeals is that the district court erred when it determined that it was not permitted to consider unindicted conduct when sentencing the defendants.
 
 
 2
 This court and the courts of appeals for other circuits have held otherwise. United States v. Anders, 900 F.2d 570 (6th Cir.1990) (due process rights were not violated where presentence report provided notice of basis for an upward departure); United States v. Silverman, 889 F.2d 1531 (6th Cir.1989) (background conduct on which the defendant was unindicted is relevant to sentencing determination); United States v. Cohoon, 886 F.2d 1036 (8th Cir.1989) (information relating to criminal activity for which the defendant was not prosecuted can be properly considered by the sentencing court provided that the defendant has an opportunity to explain or rebut the evidence); United States v. Fox, 889 F.2d 357 (1st Cir.1989) (that defendant indicted on only one fraudulent loan did not insulate her other fraudulent loans from sentencing consideration); United States v. Bedoya, 878 F.2d 73 (2d Cir.1989) (sentencing court properly relied on amount of drugs seized rather than the amount alleged in the indictment or admitted to in the plea agreement).
 
 
 3
 Counsel appear to agree that the trial judge took this position and that it is contrary to case law. However, counsel for defendants vigorously disputes the government's version of relevant unindicted conduct.
 
 
 4
 Because the district court erred in believing that it could not consider unindicted conduct, these causes must be remanded for resentencing. U.S.S.G. Sec. 1B1.3, comment. (backg'd.). Upon remand, the district court may consider evidence of such unindicted conduct where it is reliable and, should defendants contest the evidence, the government has the burden of establishing the conduct by a preponderance of the evidence. United States v. Silverman.
 
 
 5
 For the reasons stated, these causes are remanded to the district court for further proceedings according to law and consistent with this opinion.
 
 
 
 *
 The Honorable James D. Todd, United States District Judge for the Western District of Tennessee, sitting by designation