**UNITED STATES of America, Appellee,**

v.

**Chesley Aaron DAILEY, a/k/a Shawn Dailey, a/k/a Shawn Devine, Appellant.**

**No. 90–5170.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 8, 1990.

Decided Nov. 9, 1990.

James M. Grochal, Minneapolis, Minn., for appellant.

Jeff Paulsen, Minneapolis, Minn., for appellee.

Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge, and STUART[*], Senior District Judge.

STUART, Senior District Judge.

Chesley Aaron Dailey appeals his 70–month sentence imposed by the district court[1], upon a jury verdict, for distributing cocaine base. We affirm.

## I.  BACKGROUND

Dailey was charged with one count of possessing with intent to distribute 22 grams of cocaine base ("crack"). At trial, Allan Hancock, a police officer, testified that he had an unrelated arrest warrant for Dailey and found his car parked in front of a residence. He saw Dailey arrive at the residence in another car and go into the house. After other officers arrived, Daily left the house carrying a towel and drove

---

* The Honorable William C. Stuart, United States Senior District Judge for the Southern District of Iowa.

1. The Honorable Harry H. MacLaughlin, United States District Judge for the District of Minnesota.

away. The officers stopped him and found a substance in a plastic bag which was wrapped in the towel. Hancock testified that he took the substance to a chemist who analyzed it as cocaine base and weighed it as 22 grams.

Out of the presence of the jury, the parties orally stipulated, for the purposes of chain of custody and authenticity, that the government's exhibit was cocaine base weighing 22 grams. The court stated that this stipulation should be "worked out" and read to the jury, and it admitted the drugs into evidence. A stipulation was never read to the jury. Rather, the government told the jury that it was stipulated that if the chemist were to testify she would testify that the chain of custody was complete and the substance was cocaine base; the government did not mention the stipulation as to the weight of the drugs. Dailey testified at trial that he bought the cocaine base for his own use and paid $350 for it. He stated that he did not know if the exhibit was the cocaine base that he had purchased and he did not know if he bought 22 grams.

The presentence report calculated Dailey's base offense level at 28. See U.S.S.G. § 2D1.1(c)(8) (at least 20 but less than 35 grams of cocaine base). The lab report which showed that the chemist weighed the cocaine base at 22 grams was attached to the presentence report. Dailey's criminal history category was I, which resulted in a range of 78–97 months.

Dailey was appointed new counsel for sentencing. In his objections to the presentence report, he argued, among other things, that the base offense level should be 26, see U.S.S.G. § 2D1.1(c)(9) (at least 5 but less than 20 grams). He stated that the amount of cocaine base was not an issue at trial, and he filed a motion for an order permitting him to weigh the drugs. At sentencing, the court denied this motion because the parties stipulated to 22 grams at trial and Hancock testified to that amount. The court granted Dailey an acceptance-of-responsibility reduction. The adjusted offense level of 26 resulted in a range of 63–78 months.

Dailey argues on appeal that the district court erred by refusing to allow him to weigh the cocaine base, and that he was denied due process by the government's failure to produce the cocaine base at the sentencing hearing.

## II. DISCUSSION

The district court enjoys wide discretion in making sentencing determinations. *United States v. Cohoon*, 886 F.2d 1036, 1037 (8th Cir.1989). In this case, the district court was "completely satisfied that the amount seized from the defendant was twenty-two grams crack cocaine," and it denied Dailey's motion to weigh the cocaine base. The court based its findings on the stipulation and the trial testimony of an officer who was present when the cocaine was weighed.

■ The district court may rely upon evidence presented at trial in making sentencing determinations. In particular, the court may, in its discretion, rely upon stipulations between the government and the defendant in determining the facts relevant to sentencing. *See e.g. United States v. Russell*, 913 F.2d 1288 (8th Cir.1990); *United States v. Nischwitz*, 900 F.2d 139, 140 (8th Cir.1990); *United States v. Cardenas*, 896 F.2d 317, 320 (8th Cir.1990); *United States v. Nunley*, 873 F.2d 182, 187 (8th Cir.1989). A stipulation made for trial purposes is no less binding at sentencing. *See e.g. Russell*, 913 F.2d at 1293 (sentencing court relied upon stipulation of value used for purposes of conviction). On the basis of the stipulation alone, we could quite properly dispose of this case on grounds of waiver. *See United States v. Peters*, 912 F.2d 208, 212 (8th Cir.1990).

■ We note further that the lab report attached to the presentence report showed that the cocaine base weighed twenty-two grams. In addition, the indictment and information charged Dailey with possession with intent to distribute approximately twenty-two grams of cocaine base, and the jury found Dailey guilty as charged. Under the circumstances, we cannot say that the district court abused its discretion by

denying Dailey's motion. Furthermore, we find no violation of due process in the procedure leading to the sentence imposed.

The sentence is affirmed.