UNITED STATES of America, Appellee,

v.

Steve Richard FRONDLE, Appellant.

No. 90–1032.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 11, 1990.

Decided Nov. 1, 1990.

Rehearing and Rehearing En Banc
Denied Dec. 19, 1990.

Gary Shea, Cedar Rapids, Iowa, for appellant.

Richard L. Murphy, Asst. U.S. Atty., Cedar Rapids, Iowa, for appellee.

Before JOHN R. GIBSON, Circuit Judge, ROSS, Senior Circuit Judge, and LARSON,* Senior District Judge.

ROSS, Senior Circuit Judge.

Steve Richard Frondle appeals from his sentencing in the district court[1] under the United States Sentencing Guidelines (USSG). We affirm.

---

* The HONORABLE EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation.

1. The Honorable David R. Hansen, United States District Judge for the Northern District of Iowa.

2. Under the Guidelines, for a criminal history category of 1, a base offense level of 32 (121–151 months) is prescribed for a defendant found to have been involved with between 5 and 15 kilograms of cocaine; a base offense level of 30 (97–121 months) is prescribed for between 3.5 and 5 kilograms of cocaine; a base offense level of 28 (78–97 months) is prescribed for between

On September 1, 1989, Frondle pled guilty to one count of possession with intent to distribute approximately one kilogram of cocaine and to one count of conspiracy to possess with the intent to distribute 500 grams of cocaine from 1985 to March 1988. The district court held a sentencing hearing on December 19, 1989, for which Frondle subpoenaed various witnesses to contest allegations in the Presentence Investigation Report (PSIR) that he had been involved in cocaine transactions other than that for which he was indicted or convicted. The district court, however, ended up attributing to Frondle, for purposes of sentencing, 5.701 kilograms of cocaine. Accordingly, a base offense level of 32 was assigned. *See* United States Sentencing Commission, *Guidelines Manual*, § Ch. 5, Part A (Sentencing Table) (Nov. 1989). Subtracting two points for "acceptance of responsibility," *see* USSG § 3E1.1, the district court sentenced Frondle to 97 months, the minimum term for a level 30 sentence.[2]

The district court made the following calculations and testimony at the sentencing hearing to arrive at 5.701 kilograms of cocaine attributable to Frondle. First, Frondle acknowledged in his plea agreement that he was either aware of or could foresee at least two kilograms of cocaine. Frondle does not contest this on appeal. Second, paragraph 11 of the PSIR alleged that a coconspirator, Mark Stearns, "fronted" between two and four kilograms of cocaine to Frondle through an intermediary, Larry Shreeves, beginning in June or July of 1987.[3] Stearns confirmed this amount in testimony at the sentencing hearing. The district court "split the dif-

---

2 and 3.5 kilograms of cocaine; and a base offense level of 26 (63–78 months) is prescribed for between .5 and 2 kilograms. *See* USSG § 2D1.1(c) (Drug Quantity Table); *id.* § Ch. 5, Part A (Sentencing Table).

3. Paragraph 11 stated: "In June or July of 1987, Stearns began fronting kilograms of cocaine to Larry Shreeves who would then front the kilos to Steve Frondle. According to Stearns, he fronted Frondle between two to four kilograms of cocaine through Shreeves during this time period."

ference," determining that Frondle knew about or could reasonably foresee three kilograms of cocaine distributed by Stearns through Shreeves. Third, the district court added another 701 grams, aggregated from the following transactions: 7.09 grams of cocaine distributed by Frondle to Arnold Tiegen and Tony Brown (PSIR ¶ 17); 155.-93 grams of cocaine received from California in April 1987 (PSIR ¶ 19); 85.05 grams of cocaine seized in June 1987 (PSIR ¶ 20); and 453.6 grams of cocaine sold to Frondle and two other people in September 1987 (PSIR ¶ 21).

In this appeal, Frondle raises two issues. First, he contends the district court erred in its findings of facts as to the amount of cocaine attributable to him. Second, he contends that the district court violated due process by its method of approximating the amount supplied by Stearns. Frondle argues that, absent the district court's errors, he was entitled to a base offense level of 28, which, reduced for "acceptance of responsibility," should have been level 26, allowing a maximum 78 month sentence.

## DISCUSSION

■ Before turning to the merits, we consider the government's claim that we are without jurisdiction to hear this appeal. The government argues that Frondle's appeal is jurisdictionally defective because Frondle, in his main brief on this appeal, claimed that he appeals under 28 U.S.C. § 2255 (1988), but he failed to file a motion to vacate the sentence with the district court as required under § 2255.

Rule 3 of the Federal Rules of Appellate Procedure does not require that an appellant designate the statutory basis of appellate jurisdiction. To the contrary, Rule 3(c) cautions: "An appeal shall not be dismissed for informality of form or title of the notice of appeal." Because the right of appeal is not affected by failure to designate in the notice of appeal the grounds for jurisdiction, it follows that Frondle's right of appeal is not affected by his inadvertent misdesignation of the grounds for jurisdiction in his main brief. Direct appeals from sentencing are authorized by 18 U.S.C.

§ 3742 (1988). We have jurisdiction over this appeal.

The district court enjoys wide discretion in making sentencing determinations. *See United States v. Cohoon*, 886 F.2d 1036, 1037 (8th Cir.1989) (per curiam). Its findings as to the amount of cocaine attributable to Frondle for purposes of sentencing are findings of fact and may not be overturned absent clear error. *See* 18 U.S.C. § 3742(e).

Frondle does not contest the district court's authority to consider at his sentencing conduct by himself or others besides that for which he was convicted or even indicted. "[I]n a drug distribution case, quantities and types of drugs not specified in the count of conviction are to be included in determining the offense level if they were part of the same course of conduct or part of a common scheme or plan as the count of conviction." USSG § 1B1.3, comment. (backg'd.); *see also* USSG § 2D1.1, comment. (n. 12); *United States v. Streeter*, 907 F.2d 781, 791 (8th Cir.1990) (defendant may be sentenced on basis of quantity of drugs greater than that for which charged or convicted). Moreover, a sentencing judge is authorized to take into account the *"conduct of others* in furtherance of the execution of the jointly-undertaken criminal activity that was *reasonably foreseeable* by the defendant."* USSG § 1B1.3, comment. (n.1) (emphasis added); *see also United States v. North*, 900 F.2d 131, 133 (8th Cir.1990) (for conduct of others to be attributable to defendant, it must be shown that conduct "(1) was in the furtherance of the conspiracy, and (2) either was known to [defendant] or was reasonably foreseeable to him.").

■ Frondle's principal argument is that the district court improperly relied upon the testimony of Mark Stearns to attribute three kilograms of cocaine to Frondle. First, Frondle argues that Stearns was inherently unreliable, because he is allegedly a convicted felon and an informant with a self-interest in assisting the government. Stearns's credibility, however, is for the district court to determine, with due regard to Stearns's criminal past and self-interest

in testifying. *See United States v. Johnson*, 767 F.2d 1259, 1276 (8th Cir.1985) (district court's discretion at sentencing is " 'largely unlimited either as to the kind of information he may consider, or the source from which it may come.' ") (quoting from *United States v. Tucker*, 404 U.S. 443, 446, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972)); *see also United States v. Phillippi*, 911 F.2d 149, 151 n. 3 (8th Cir.1990) (rejecting argument that testimony of co-participant in offense who has become a government witness is not sufficient evidence on which to base an increase in drugs used for sentencing). The district court was entitled to credit Stearns's testimony.

 Second, Frondle argues that Stearns's allegations in the PSIR were not corroborated and therefore must be disregarded. But, we have made it abundantly clear that a district court at sentencing is entitled to consider uncorroborated evidence, even hearsay, provided that the defendant is given an opportunity to explain or rebut the evidence. *See United States v. Evans*, 891 F.2d 686, 688 (8th Cir.1989), *cert. denied*, — U.S. —, 110 S.Ct. 2170, 109 L.Ed.2d 499 (1990); *United States v. Cohoon, supra*, 886 F.2d at 1037; *United States v. York*, 830 F.2d 885, 893 (8th Cir. 1987) (per curiam), *cert. denied*, 484 U.S. 1074, 108 S.Ct. 1047, 98 L.Ed.2d 1010 (1988); *United States v. Johnson, supra*, 767 F.2d at 1276; *United States v. Papajohn*, 701 F.2d 760, 763 (8th Cir.1983). The district court held a full hearing at which Frondle examined Stearns among other witnesses and was fully permitted to rebut allegations in the PSIR.[4]

 Third, Frondle argues that he adequately rebutted any finding that the transfers from Stearns to Shreeves were either in furtherance of a conspiracy to which he was a party or reasonably foreseeable by him. Ironically, Frondle's only showing on this issue is that Stearns, whom Frondle has previously tried to discredit, should have been believed when he testified that Frondle would not have known about the amounts Stearns transfer-

red to Shreeves. Even if Frondle had no actual knowledge of the transactions, the district court could still have found the transfers were reasonably foreseeable by him. Given that Frondle himself admits, not only in his statements at his guilty plea hearing but also in his letter to the Probation Office objecting to the PSIR, that Stearns had supplied him with cocaine through Shreeves, we cannot say that it was clear error to find that transfers from Stearns to Shreeves beginning in June or July 1987 were reasonably foreseeable by Frondle. *See United States v. O'Meara*, 895 F.2d 1216, 1221 (8th Cir.1990) (even if defendant did not know that his co-conspirator had purchased extra cocaine, was foreseeable that co-conspirator would have accepted extra cocaine if offered), *cert. denied*, — U.S. —, 111 S.Ct. 352, 112 L.Ed.2d 316 (1990). Nor can we say, in light of Frondle's admissions that he had a buyer-seller relationship with Stearns, that it was clear error to find that the transfers were made in furtherance of a conspiracy to which Frondle was a party. *Compare United States v. North, supra*, 900 F.2d at 133–34 (evidence indicated that conspiracy did not extend to amounts in possession of defendant's supplier which supplier attempted to sell not to defendant, but to government informant).

 The estimated three kilograms of cocaine supplied by Stearns, combined with the two kilograms of cocaine to which Frondle admitted in his plea agreement, required the district court to assign a base offense level of 32. Any error in the attribution of drug quantities is harmless error when the underlying base offense level would remain the same. *See United States v. Phillippi, supra*, 911 F.2d at 151. Accordingly, we need not determine whether the district court erred in attributing the remaining 701 grams of cocaine to Frondle.

 Frondle's second ground of appeal is that due process prohibits the district court's "splitting the difference" between

---

**4.** Frondle does not raise the issue whether the district court complied with the written findings requirement of Federal Rule of Criminal Procedure 32(c)(3)(D).

two and four kilograms to arrive at a figure of three kilograms attributed to Frondle through Stearns and Shreeves.[5] The Sentencing Guidelines permit the district court to "approximate" the amount of cocaine involved. *See* USSG § 2D1.4, comment. (n.2). Whether simply "splitting the difference" is so arbitrary and standardless a means of approximation as to violate due process, we need not decide here, because Frondle's sentence would have been the same whether or not the district court had approximated the quantity involved. The district court was undoubtedly entitled to attribute at least two kilograms to Frondle based on Stearns's estimate that between two and four kilograms were fronted to him. Adding these two kilograms to the two kilograms which Frondle does not contest would have required a base offense level of 30, which, reduced by two points for "acceptance of responsibility," would have authorized the district court to sentence Frondle to between 78 and 97 months in prison. The district court expressly stated that the same sentence would have been imposed whether the adjusted offense level was level 28 or level 30. Where a sentence falls within either of two arguably applicable guideline ranges, and it is clear that the same sentence would have been imposed under either range, we need not resolve the underlying dispute. *See United States v. Williams*, 891 F.2d 921, 923 (D.C.Cir.1989); USSG Ch. 1, Pt. A, intro. comment. at 1.10–1.11.

The sentence is affirmed.

**5.** The government argues that Frondle in his plea agreement waived this due process claim. Paragraph 8 of the plea agreement states:

Mr. Frondle agrees not to challenge the constitutionality of the 1984 Sentencing Reform Act or the sentencing guidelines formulated pursuant to that Act, or the special assessment statute (18 U.S.C. 3013), as applied to this case or otherwise.

In light of this issue's simple resolution on other grounds, it is not necessary to consider the knottier issue whether a waiver of objection to a future violation of one's constitutional rights is effective.