**46**

**UNITED STATES of America**

v.

**Luis NARANJO.**

**No. CR90–0082–04–T.**

United States District Court,
D. Rhode Island.

Feb. 1, 1991.

Zachariah Chafee, Asst. U.S. Atty., Providence, R.I., for plaintiff.

David N. Cicilline, Providence, R.I., for defendant.

## MEMORANDUM AND ORDER

TORRES, District Judge.

This matter is before the Court on Luis Naranjo's motion to have the cocaine he is charged with possessing re-weighed. For reasons hereinafter stated, the motion is denied but without prejudice to the defendant's right to contest the weight for purposes of sentencing in the event that he chooses to enter a guilty plea.

### BACKGROUND

Naranjo is one of seven defendants charged with conspiracy and possession with intent to distribute 500 grams or more of cocaine in violation of Title 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846. The defendant was arraigned on August 10, 1990, and under the terms of the pretrial order, the time for raising defenses and objections expired on August 22, 1990.

The government asserts that the weight of the cocaine is 500.4 grams; and, therefore, that the defendant, if convicted, is subject to the mandatory minimum sentence of five years imprisonment provided by Title 21 U.S.C. § 841(b)(1)(B) for drug trafficking crimes involving 500 grams or more of cocaine. Naranjo has expressed a desire to plead guilty but is understandably interested in determining whether the weight reported by the government is accurate since a discrepancy of only half a gram could appreciably reduce his likely sentence. Accordingly, he filed the instant motion to have the cocaine re-weighed.

The government objects on the ground that the motion is not timely, and, in any event, the precise weight of the cocaine is not relevant to a determination of guilt or innocence. In so doing, it concedes that a motion to re-weigh may be appropriate in connection with any ensuing sentencing hearing if the defendant is convicted.

### DISCUSSION

Title 21 U.S.C. § 841(a) prohibits the distribution of *any* amount of a controlled

substance and does not require proof of a particular quantity involved. *See United States v. Campuzano*, 905 F.2d 677, 679 (2nd Cir.1990) (citations to other Circuits provided), *cert. denied,* —— U.S. ——, 111 S.Ct. 363, 112 L.Ed.2d 326 (1990). Because "quantity" is not an element of the offense, conviction is not dependent on the nature or quantity of the controlled substance involved. *United States v. Cross*, 916 F.2d 622, 623 (11th Cir.1990). The mandatory minimum sentence prescribed by Title 21 U.S.C. § 841(b) for quantities of 500 grams or more of cocaine is a penalty that applies only for sentencing purposes. *United States v. Jenkins*, 866 F.2d 331, 334 (10th Cir.1989). It is independent of the substantive charge to which it relates and becomes operative only after a defendant has been convicted of a crime under § 841(a)(1). *Cross*, 916 F.2d at 623.

The fact that the indictment against Naranjo refers to the quantity of cocaine as being 500 grams or more serves only to put the defendant on notice that the enhanced penalty provisions of § 841(b) may apply. It is otherwise immaterial because quantity is not an element of the offense. *See Campuzano*, 905 F.2d at 679; *see also United States v. Ruiz*, 905 F.2d 499 (1st Cir.1990); *United States v. McHugh*, 769 F.2d 860 (1st Cir.1985). Consequently, the quantity of cocaine in the defendant's possession is not critical for purposes of trial or entry of a guilty plea. It becomes important only for purposes of sentencing. *See United States v. Zuleta–Alvarez*, 922 F.2d 33 (1st Cir.1990). At that time it may be contested especially if the defendant chose to plead and therefore had no opportunity to cross-examine any government witnesses with respect to the amount of cocaine involved.

## CONCLUSION

For all of the foregoing reasons, the defendant's motion is DENIED without prejudice to his right to challenge the quantity of cocaine at issue during any sentencing proceeding if he elects to enter a guilty plea.