980 F.2d 735
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Gussine SHERFIELD, also known as Gussene Sherfield, Appellant.
 No. 92-2308.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 12, 1992.
Filed: December 8, 1992.
 
 Before McMILLIAN, Circuit Judge, FRIEDMAN,* Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.
 PER CURIAM.
 
 
 1
 Gussine Sherfield appeals the forty-eight-month sentence imposed by the district court[1] following his guilty plea to one count of distributing cocaine base. We affirm.
 
 
 2
 A grand jury returned a two-count indictment against Sherfield, charging him with distributing cocaine base on May 10 and 16, 1991. Sherfield entered into a plea agreement with the government pursuant to which he agreed to plead guilty to count one of the indictment. The presentence report (PSR) indicated that on May 10, 1991, Sherfield sold .64 grams of cocaine base to confidential informants and an undercover police officer. On May 16, 1991, Sherfield sold .41 grams to the same informants and undercover officer. In addition to these sales, the PSR stated that Sherfield sold .51 grams of cocaine base to the informants on May 9 and 15, 1991. The PSR also noted that two grams of cocaine base had been confiscated from Sherfield on December 13, 1991, when he was arrested in Omaha.
 
 
 3
 The PSR included in its base offense level calculation, as relevant conduct under U.S.S.G. § 1B1.3(a)(2), the .51 grams of cocaine base Sherfield sold on May 9 and 15, 1991, and the two grams confiscated from him on December 13, 1991. This yielded a total of 3.56 grams, a base offense level of 22 pursuant to U.S.S.G. § 2D1.1(c)(11) (between 3 and 4 grams), and a sentencing range of 41 to 51 months. Sherfield objected to the characteri-zation of the May 9 and 15, 1991, sales as relevant conduct. He maintained that the sales were not in the same course of conduct or common scheme or plan as the offense of conviction, but did not deny that they had occurred. The district court determined that the May 9 and 15, 1991, sales were properly considered in setting Sherfield's base offense level.
 
 
 4
 On appeal, Sherfield argues that the district court erred by including the drugs from these sales in his base offense level calculation. He maintains that the government failed to prove, by a preponderance of the evidence, that these offenses were part of a common scheme or plan.
 
 
 5
 We decline to address Sherfield's arguments on the merits, because, as the government correctly observes, even if the district court erred by including the .51 grams in the base offense level calculation, the level would not change. The total amount of cocaine base used to determine Sherfield's base offense level was 3.56 grams. Deducting .51 grams from this amount would leave 3.05 grams, and Sherfield would remain at the same level-22. See U.S. S.G. § 2D1.1(c)(11). Thus, any error which may have occurred was harmless. See United States v. Frondle, 918 F.2d 62, 65 (8th Cir. 1990) (error in attribution of drug quantity harmless when underlying base offense level would not change), cert. denied, 111 S. Ct. 1400 (1991).[2]
 
 
 6
 Accordingly, we affirm.
 
 
 
 *
 THE HONORABLE DANIEL M. FRIEDMAN, Senior United States Circuit Judge for the Federal Circuit, sitting by designation
 
 
 [1]
 The Honorable Warren K. Urbom, Senior United States District Judge for the District of Nebraska
 
 
 [2]
 In any event, the district court did not clearly err by including the .51 grams in Sherfield's base offense level. See United States v. Sleet, 893 F.2d 947, 949 (8th Cir. 1990). Uncharged drug transactions may be included as relevant conduct for sentencing purposes when there is sufficient similarity and temporal proximity to suggest that repeated incidents of criminal behavior constitute a pattern. United States v. Montoya, 952 F.2d 226, 228 (8th Cir. 1991) (citations omitted). Here, the two uncharged sales occurred within the same week as the charged sales and the same informants were involved in all four sales. This clearly suggests a pattern of criminal activity. No evidence was adduced at the sentencing because Sherfield's objection did not challenge the accuracy of the allegations concerning these sales