16 F.3d 1228
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Roman B. BENTLEY, Appellant.
 No. 93-2549.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 7, 1993.
Filed: January 10, 1994.
 
 Before MAGILL, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and BEAM, Circuit Judge.
 PER CURIAM.
 
 
 1
 Roman B. Bentley appeals his 120-month sentence imposed by the district court[1] after he pleaded guilty to one count of conspiracy to grow and distribute marijuana, in violation of 21 U.S.C. Secs. 841(a)(1) and 846, and one count of willfully engaging in a monetary transaction involving criminally derived property, in violation of 21 U.S.C. Secs. 841(a)(1) and 846, and 18 U.S.C. Secs. 1957(a) and 2. We affirm.
 
 
 2
 In the plea agreement, the government stated that it believed Bentley was responsible for more than 3,000 kilograms and less than 10,000 kilograms of marijuana; Bentley contended that he was only responsible for more than 1,000 kilograms and less than 3,000 kilograms. The presentence report (PSR) attributed 2,745 kilograms of marijuana to Bentley, establishing a base offense level of 32. The PSR recommended a four-level enhancement for Bentley's role in the offense pursuant to 3B1.1(a), and a three-level reduction for acceptance of responsibility pursuant to 3E1.1(b), resulting in a total offense level of 33 and a criminal history category of II. Thus, the Guidelines range was 151 to 188 months, but a 240-month mandatory statutory minimum applied. Bentley filed objections, arguing that he should be accountable for only 110 kilograms.
 
 
 3
 After an evidentiary hearing, the district court found that Bentley was responsible for "something in excess of 1,000 kilos." The court also found that Bentley was a leader or organizer of the marijuana operation and therefore his offense level was subject to a four-level increase. The government moved for a downward departure for substantial assistance and asked the court to sentence Bentley to 120 months imprisonment (one-half the mandatory minimum). The court sentenced Bentley to concurrent prison terms of 120 months for the conspiracy count and 60 months for the money count, to be followed by concurrent four-year and three-year terms of supervised release. Bentley now raises three arguments challenging the district court's drug-quantity determination.
 
 
 4
 We conclude that Bentley waived his right to challenge the drug quantity the PSR attributed to him because that quantity was within the range that he set forth in the plea agreement; the offense level was the same whether Bentley was responsible for 1,000 kilograms or 2,999 kilograms. Cf. United States v. Livingston, 1 F.3d 723, 725 (8th Cir. 1993) (defendant waived right to challenge minimum sentence stated in plea agreement); United States v. Bartsh, 985 F.2d 930, 932-33 (8th Cir. 1993) (defendant stipulated to range of amount of monetary loss); United States v. Nischwitz, 900 F.2d 139, 140 (8th Cir. 1990) (defendant cannot challenge sentence within stipulated Guideline range).
 
 
 5
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable Russell G. Clark, Senior United States District Judge for the Western District of Missouri