33 F.3d 56
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carlos FISHER, Defendant-Appellant.
 No. 92-3679.
 United States Court of Appeals, Seventh Circuit.
 Argued June 3, 1994.
Decided Aug. 23, 1994.
 
 Before FAIRCHILD, CUMMINGS and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 On Christmas Day 1991, defendant Carlos Fisher was arrested by officers of the Illinois State Police in East St. Louis, Illinois. In his possession at the time of his arrest was a can containing approximately 50 grams of cocaine base (more commonly known as "crack"). On February 19, 1992, a federal grand jury in East St. Louis returned an indictment charging defendant Fisher with possession with intent to distribute in excess of 50 grams of cocaine base, a violation of 21 U.S.C. Sec. 841(a)(1). A person convicted of possession with intent to distribute 50 grams or more of cocaine base is subject to a mandatory minimum sentence of 10 years. 21 U.S.C. Sec. 841(b)(1)(A)(iii). If, on the hand, the amount of cocaine base involved is less than 50 grams, but greater than 5 grams, the mandatory minimum sentence is only 5 years. 21 U.S.C. Sec. 841(b)(1)(B)(iii).
 
 
 2
 Since the length of any sentence defendant would receive turned in large part on the actual weight of the cocaine base seized, defendant's counsel moved to have the cocaine base examined and weighed by experts chosen by the defense. The district court denied this motion.
 
 
 3
 On July 1, 1992, defendant pled guilty to this charge and--despite the fact that such a concession would subject him to a mandatory minimum sentence of 10 years--stipulated that the amount of cocaine in his possession at the time of his arrest was 50.2 grams.[1] On October 22, 1992 the district court sentence defendant Fisher to 120 months imprisonment, the mandatory minimum sentence provided by statute.
 
 
 4
 Defendant's sole claim on appeal is that he was denied effective assistance of counsel at sentencing. Defendant alleges that he was denied constitutionally adequate representation because his attorney failed (1) to renew his request that the cocaine base involved be reweighed and (2) to demand live testimony, under oath, regarding the weight of the cocaine base.[2]
 
 
 5
 In order to demonstrate ineffective assistance of counsel, defendant must demonstrate both that his counsel's performance was deficient and that he was prejudiced as a result. Strickland v. Washington, 466 U.S. at 668, 687. This Court "need not address both Strickland prongs if it is clear that [defendant] cannot satisfy one of them: There is no need to discuss prejudice if counsel's performance was not deficient, and there is no need to evaluate counsel's performance if there was no prejudice resulting from counsel's actions." Milone v. Camp, 22 F.3d 693, 703-704 (7th Cir.1994). To demonstrate that his counsel's performance was deficient, defendant must show that it fell below an objective standard of reasonableness. Strickland, 466 U.S. at 690. This Court presumes that counsel's conduct falls within the range of acceptable professional conduct. Id. at 689. Since defendant is unable to overcome this presumption, we reject his claim of ineffective assistance of counsel.
 
 
 6
 Defendant first contends that his attorney should have renewed at sentencing the motion to have the cocaine base reweighed by defense experts. Defendant does not, however, contend that any new information was made available to his attorney after the initial motion to reweigh was denied. A renewed motion to have the cocaine base reweighed thus stood little, if any, chance of success. Moreover, after the original motion was denied, defendant stipulated that the amount of cocaine base involved exceeded 50 grams, a stipulation to which defendant was bound unless he withdrew his plea. United States v. Dailey, 918 F.2d 747, 748 (7th Cir.1990); United States v. Russell, 913 F.2d 1288, 1293 (8th Cir.1990) certiorari denied sub nom. Moore v. United States, 500 U.S. 906; United States v. Kemper, 908 F.2d 33, 37 (6th Cir.1990). Defendant, however, gives no indication that he desired to withdraw his plea. A motion to have the cocaine base reweighed would, therefore, have been futile: not only could the defendant not provide the district court with any reason to reverse its denial of his initial motion, he had as part of his plea agreement conceded that the cocaine base weighed 50.2 grams. This Court is unwilling to hold that an attorney's failure to make a futile motion constitutes constitutionally deficient performance. Defendant therefore was not denied effective assistance of counsel by his attorney's failure to renew the motion to reweigh.
 
 
 7
 Defendant next contends his attorney should have demanded live testimony, under oath, regarding the weight of the cocaine base. Defendant, however, offers no indication of what might have been revealed had his attorney demanded live testimony nor is this Court able to divine what purpose such testimony would have served. Moreover, because defendant stipulated as to the weight of the cocaine, testimony regarding its weight was unnecessary. Despite defendant's claim to the contrary, his attorney's failure to procure live testimony did not constitute constitutionally deficient conduct.
 
 
 8
 Since defendant has failed to demonstrate that his attorney's performance fell "outside the wide range of professionally competent assistance," Strickland, 466 U.S. at 690, his sentence is affirmed.
 
 
 
 [1]
 Defendant, however, objected to the pre-sentence report's conclusion that the amount of cocaine base involved was 50.2 grams. The court overruled the objection
 
 
 [2]
 Defendant also suggests, citing a district court case from Rhode Island, United States v. Naranjo, 755 F.Supp. 46, 47 (D.R.I.1991), that defendant had a due process right to have the narcotics reweighed at sentencing. Defendant's claim is without merit. Naranjo does not, as defendant claims, stand for the proposition that a defendant has right to have narcotics reweighed at sentencing. Moreover, at least one circuit court has held that due process is not offended by a district court's refusal to reweigh cocaine base at sentencing when defendant has previously stipulated to the weight of the narcotic. United States v. Dailey, 918 F.2d. 747 (8th Cir.1990)