United States Court of Appeals

FOR THE EIGHTH CIRCUIT

_____

No. 96-3949

_____

United States of America,             *
                                  *
          Appellee,         *
                                  *   Appeal from the United States
      v.                *   District Court for the
                                  *   Eastern District of Missouri.
Sammie White, also known as Punkin,  *      [UNPUBLISHED]
                                  *
         Appellant.        *

_____

Submitted:  September 4, 1997

Filed: September 26, 1997

_____

Before WOLLMAN, MAGILL, and BEAM, Circuit Judges.

_____

PER CURIAM.

After a jury convicted Sammie White of possessing cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and of using and carrying firearms during and in relation to cocaine trafficking, in violation of 18 U.S.C. § 924(c), the district court[1] sentenced him to consecutive prison terms of 70 months on the drug-trafficking count and 60 months on the gun count, to be followed by 3 years supervised

_____

[1]The Honorable Edward L. Filippine, United States District Judge for the Eastern District of Missouri.

release.  We affirmed White's sentence.  See United States v. White, No. 92-3721, 1993 WL 128010, at *1 (8th Cir. Apr. 26, 1993) (unpublished per curiam).  The district court later vacated White's gun conviction, enhanced his drug sentence by 2 levels pursuant to U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (1995) (add 2 levels if dangerous weapon, including firearm, was possessed), calculated a corresponding amended sentencing range of 87 to 108 months, and resentenced White to 90 months imprisonment and 3 years supervised release.  On appeal, White's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967).  We affirm.

Counsel argues that the district court erred in applying the firearm enhancement. We conclude that the court did not clearly err in assessing the enhancement, because the court was entitled on resentencing to credit the government's evidence adduced at trial that White owned three firearms--two of which were loaded--seized from his residence; that he also owned approximately 415 grams of cocaine found at the residence; and that White intended to distribute the cocaine.  See U.S. Sentencing Guidelines Manual § 2D1.1, comment. (n.3) (1995) (firearm-possession enhancement "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense"); United States v. McCracken, 110 F.3d 535, 541-42 (8th Cir. 1997) (standard of review; affirming enhancement where firearms and drugs were found in defendants' residence); United States v. Dailey, 918 F.2d 747, 748 (8th Cir. 1990) (district court may rely upon evidence presented at trial in making sentencing determinations).

After reviewing the record for any nonfrivolous issues, see Penson v. Ohio, 488 U.S. 75, 80 (1988), we find none.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.