United States Court of Appeals

FOR THE EIGHTH CIRCUIT

_____

No. 97-2436

_____

United States of America,                *
                                            *

        Appellee,              *
                                            *   Appeal from the United States

     v.                         *   District Court for the
                                            *   Eastern District of Arkansas.

Tyrus Gillam, also known as Tyrus   *
Gilliam,                              *       [Unpublished]
                                            *

        Appellant,            *

_____

Submitted: October 7, 1997
Filed: October 14, 1997

_____

Before FAGG, BOWMAN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

      Following multiple drug transactions with an undercover police investigator, Tyrus Gillam pleaded guilty to two counts of distributing crack cocaine, in violation of 21 U.S.C. § 841(a). The district court[1] sentenced him to 46 months imprisonment and four years supervised release. On appeal Gillam challenges his sentence and alleges he suffered sentence manipulation because the undercover investigator, Willie Robinson, entered into repeated transactions with him, requested cocaine base as

_____

[1]The Honorable Garnett Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

opposed to powder cocaine, and referred his case for federal rather than state prosecution. We affirm.

Robinson testified at sentencing that he made repeated purchases in an effort to reach Gillam's drug source; that he purchased cocaine base from Gillam, because the dealer who had introduced Gillam to him--Joe Tims--was a crack cocaine dealer and Gillam never brought Robinson powder cocaine; and that an explanation existed for why Tims was prosecuted in state court. Based on this and other evidence in the record, we find no merit in Gillam's challenge to his sentence. See United States v. Stavig, 80 F.3d 1241, 1245 (8th Cir. 1996) (standard of review); United States v. Shephard, 4 F.3d 647, 649 (8th Cir. 1993) (discussing sentencing manipulation), cert. denied, 510 U. S. 1203 (1994); United States v. Frondle, 918 F.2d 62, 64-65 (8th Cir. 1990) (district court is entitled to credit witnesses' testimony at sentencing), cert. denied, 499 U.S. 941 (1991).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.