# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-4279

_____

United States of America,    *
                             *
        Appellee,            *
                             *    Appeal from the United States
    v.                       *    District Court for the
                             *    Eastern District of Missouri.
Larry Curtis Kerr,           *
                             *    [UNPUBLISHED]
        Appellant.           *

_____

Submitted:  December 2, 1998
    Filed:  December 11, 1998

_____

Before McMILLIAN, LOKEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

After a jury found Larry Curtis Kerr guilty of conspiring to possess crack cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846, the district court[1] sentenced him to 188 months imprisonment and five years supervised release. On appeal, Miller challenges his conviction and sentence. We affirm.

_____

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

Kerr and codefendant Byron Miller were involved in a crack distribution ring. The facts underlying this case are reported in our prior opinion addressing Miller's appeal. See Miller v. United States, 135 F.3d 1254 (8th Cir. 1998). As Miller did in his appeal, Kerr argues that the district court erred in refusing to declare a mistrial after the following events occurred. At the beginning of the first day of his testimony, government witness Bryant Troupe was asked how he remembered meeting Kerr in 1989. Troupe responded that he had put up some of Miller's out-of-town friends, including Kerr, and had seen them "cook[ing] up cocaine while they were there, you know, and they made rocks of ounces . . . had it ready to be distributed, because they were there for like two or three days in [his] apartment." No objection was made immediately, but at a later sidebar Kerr's attorney argued that Troupe's response constituted prior bad acts testimony for which the prosecution had not given proper notice under Federal Rule of Evidence 404(b). Counsel composed an instruction, and the court directed the jury per that instruction to disregard any testimony regarding drug activity in 1989. On the following day, Kerr's counsel moved for a mistrial which the court denied.

We review for abuse of discretion the denial of a motion for a mistrial. See United States v. Flores, 73 F.3d 826, 831 (8th Cir.), cert. denied, 518 U.S. 1027 (1996). Initially, we note that in Miller, 135 F.3d at 1256, we concluded that as to Miller the district court did not abuse its discretion in denying Kerr's motion for a mistrial. We now conclude that as to Kerr the district court also did not abuse its discretion in denying the motion. As we noted in Miller's appeal, a curative instruction was given, and Troupe's testimony regarding the 1989 incident occurred early in the trial. In addition, there was detailed testimony as to Kerr's involvement in the conspiracy, including evidence as to the following. On one occasion in March 1996, Troupe had seen Miller with "anywhere from three to five kilos" of crack cocaine and $15,000 to $20,000 in cash. Kerr had been present on that occasion, and on another occasion that year, Troupe had seen Miller and Kerr turn bricks of powder cocaine into crack cocaine and then package it into separate small baggies. Troupe also had seen

two individuals purchase six ounces of cocaine--after which Miller gave the money to Kerr--and Miller and Kerr had asked Troupe to rent an apartment for them because they needed a place to store their drugs. In addition, Kerr had been with Miller during a controlled purchase of two ounces of crack cocaine, and also when Troupe had paid Miller for another ounce of crack cocaine that Miller had fronted Troupe. At the final controlled purchase, Kerr had been counting $26,000 given to him by Troupe and an undercover officer in exchange for crack cocaine when federal agents arrested Kerr and Miller. As we stated in Miller's appeal, the reference to the 1989 incident "was harmless, even if its admission were viewed as error, because its impact on the verdict would be slight at most." See Miller, 135 F.3d at 1256.

As to his sentence, Kerr argues that the district court clearly erred in making its drug-quantity calculation by relying upon the "uncorroborated and specious" testimony of Troupe. We disagree, because the court was entitled to rely on and assess that testimony. See United States v. Campos, 87 F.3d 261, 263-64 (8th Cir.), cert. denied, 117 S. Ct. 536 (1996); United States v. Stavig, 80 F.3d 1241, 1245 (8th Cir. 1996); United States v. Dailey, 918 F.2d 747, 748 (8th Cir. 1990).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-