**UNITED STATES, Appellant,**

v.

**Roger SHAUGHNESSY, Appellee.**

**No. 85–5026.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 11, 1985.

Decided Jan. 22, 1986.

---

Daniel Scott, Federal Public Defender, Minneapolis, Minn., for appellant.

John M. Lee, Asst. U.S. Atty., Minneapolis, Minn., for appellee.

Before LAY, Chief Judge, FAGG, Circuit Judge, and McMANUS\*, Senior District Judge.

PER CURIAM.

Roger Shaughnessy appeals the denial by the district court[1] of his petition for post-conviction relief pursuant to 28 U.S.C. § 2255 (1982). The sole issue on appeal is whether Shaughnessy was denied effective assistance of counsel during the criminal proceedings against him. We affirm.

Shaughnessy and five others were charged with conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 (1982), and with distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) (1982). All six de-

fendants pleaded guilty to the distribution charge, and Shaughnessy was sentenced to a term of imprisonment of four years. Shaughnessy was represented by attorney Barry Voss of Minneapolis, Minnesota. Voss had been retained on Shaughnessy's behalf by two of Shaughnessy's co-defendants, Valek and Showers, who were the leaders of the conspiracy. Although Valek and Showers were represented by separate counsel, Shaughnessy alleged that Voss's representation of him was tainted by a conflict of interest created by Voss's financial ties to Valek and Showers. As proof that an actual conflict of interest existed, Shaughnessy alleged that Voss made no attempt to explore the possibility of Shaughnessy's cooperation with the government's investigation, even though the government was willing to negotiate about such cooperation.[2] He further alleged that when Valek and Showers rejected a plea agreement carrying a maximum sentence of ten years, Voss advised him to do the same. Shaughnessy thereafter entered a plea of guilty to an offense carrying a fifteen-year maximum sentence. Shaughnessy alleged that his plea inured to the benefit of Valek and Showers because it was in their interest that a large sentence at less than the maximum not be offered to any of the lesser defendants.

After a hearing before the magistrate, the district court rejected Shaughnessy's claim of ineffective assistance of counsel. The court determined that Shaughnessy had failed to prove an actual conflict of interest, and that even if an actual conflict were presumed, Shaughnessy had failed to prove prejudice.

■ In order to prevail, a defendant who alleges violation of his constitutional right to effective assistance of counsel must show that counsel's performance was defi-

---

\* The Honorable Edward J. McMANUS, Senior United States District Judge for the Northern District of Iowa, sitting by designation. Judge McManus participated in oral argument but did not participate in the final vote. Pursuant to 28 U.S.C. § 46(d) (1982), "[a] majority of the number of judges authorized to constitute a court ... shall constitute a quorum."

1. The Honorable Robert G. Renner, United States District Judge for the District of Minnesota.

2. In fact, a co-defendant, Jeffrey Novak, agreed to cooperate in return for a reduced sentence.

cient and that prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984). When an attorney has a conflict of interest, a limited presumption of prejudice exists. *Id.* Prejudice is presumed if "the defendant demonstrates that counsel 'actively represented conflicting interests' and 'that an actual conflict of interest adversely affected his lawyer's performance.'" *Id., citing Cuyler v. Sullivan*, 446 U.S. 335, 350, 100 S.Ct. 1708, 1719, 64 L.Ed.2d 333 (1980); *see Edgemon v. Lockhart*, 768 F.2d 252, 255 (8th Cir.1985).

 We agree with the district court that Shaughnessy failed to prove an actual conflict of interest. Shaughnessy is correct in asserting that "inherent dangers ... arise when a criminal defendant is represented by a lawyer hired and paid by a third party, particularly when the third party is the operator of the alleged criminal enterprise." *Wood v. Georgia*, 450 U.S. 261, 268–69, 101 S.Ct. 1097, 1101–02, 67 L.Ed.2d 220 (1981) (footnote omitted).

Shaughnessy failed to prove, however, that those dangers ripened into a conflict of interest. As the government points out, Voss vigorously represented Shaughnessy's interests. He filed motions on Shaughnessy's behalf for severance, to compel disclosure of *Brady* material, for suppression of physical evidence and verbal statements, and for discovery and inspection. He was successful in his motion to suppress.

Furthermore, Shaughnessy failed to show that Voss acted for the benefit of Valek and Showers in advising Shaughnessy to reject the government's offer of a reduced sentence. The bargain Shaughnessy rejected called for a maximum sentence of ten years. Shaughnessy in fact was sentenced to four years, and co-defendants Valek and Showers were sentenced to nine years. Evidence that Voss advised Shaughnessy to present a united front with his more culpable co-defendants is not, without more, proof of an actual conflict of interest. *Parker v. Parratt*, 662 F.2d 479, 485 (8th Cir.1981), *cert. denied*, 459 U.S.

846, 103 S.Ct. 102, 74 L.Ed.2d 91 (1982); *United States v. Carter*, 721 F.2d 1514, 1537 (11th Cir.), *cert. denied*, — U.S. —, 105 S.Ct. 89, 83 L.Ed.2d 36 (1984); *see Glasser v. United States*, 315 U.S. 60, 92, 62 S.Ct. 457, 475, 86 L.Ed. 680 (1942) (Frankfurter, J. dissenting).

Finally, Shaughnessy failed to show that his counsel could have negotiated a plea bargain more favorable than the one rejected by Valek, Showers, and Shaughnessy. The district court found that the government had a strong case and therefore had no interest in Shaughnessy's willingness to incriminate his co-defendants. Moreover, the court found that, although the government did want information as to the source of the cocaine, Shaughnessy had no such knowledge. "There is no violation where the conflict is 'irrelevant or merely hypothetical'; there must be an 'actual, significant conflict.'" *United States v. Carter*, 721 F.2d at 1536, *quoting United States v. Mers*, 701 F.2d 1321, 1326 (11th Cir.), *cert. denied*, 464 U.S. 991, 104 S.Ct. 482, 78 L.Ed.2d 679 (1983). We therefore affirm the conviction.