UNITED STATES of America, Appellee,

v.

David HEISINGER, Appellant.

No. 87–5220.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 23, 1987.

Decided Nov. 16, 1987.

Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.

PER CURIAM.

In this direct appeal, David Heisinger claims the district court failed to comply with Federal Rule of Criminal Procedure 32(c)(3)(D) at sentencing in violation of Heisinger's due process rights. We find no error and affirm.

Heisinger pleaded guilty to various drug-related charges and was sentenced to fifteen years imprisonment with a three-year special parole term. At the sentencing hearing Heisinger asserted several factual inaccuracies in his presentence investigation report (PSI). The district court unambiguously stated on the record it would not make written findings on the disputed information because none of the controverted matters would be taken into account in sentencing Heisinger. The court ordered a copy of the sentencing hearing transcript delivered to the Bureau of Prisons for reference in future parole proceedings.

On appeal Heisinger argues rule 32(c)(3)(D) requires the district court to make specific findings, and the failure to do so denied him due process because the disputed facts will continue to have an adverse impact on his conditions of incarceration, parole eligibility, and other matters.

He seeks a remand ordering the district court to make specific findings.

Heisinger's argument is without merit. Rule 32(c)(3)(D) is phrased in the alternative, and in order to comply a court "need go no further than stating that a controverted matter will not be considered in sentencing." *United States v. Johnson,* 767 F.2d 1259, 1276 (8th Cir.1985); *see also* Fed.R.Crim.P. 32(c)(3)(D)(ii). In addition, the sentencing transcript will be part of Heisinger's records and available for consideration in a future parole proceeding, and Heisinger will have the opportunity before the Parole Commission to contest factual matters contained in his PSI. *See Johnson,* 767 F.2d at 1276 n. 13; 28 C.F.R. § 2.19(c). The district court fully complied with rule 32(c)(3)(D), and Heisinger is not entitled to a remand for resentencing.

Affirmed.