**UNITED STATES of America, Appellee,**

v.

**David HEISINGER, Appellant.**

**No. 87–5402.**

United States Court of Appeals,
Eighth Circuit.

Submitted May 9, 1988.
Decided May 25, 1988.

Bruce Ellison, Rapid City, S.D., for appellant.

Lonnie Bryan, Asst. U.S. Atty., Rapid City, S.D., for appellee.

Before JOHN R. GIBSON, Circuit Judge, HENLEY, Senior Circuit Judge, and LARSON,* Senior District Judge.

PER CURIAM.

Following his guilty plea, David Heisinger was sentenced by the district court[1] to four years imprisonment for illegal use of the telephone, 21 U.S.C. § 843, and fifteen years imprisonment for conspiracy to possess with intent to distribute a controlled substance, 21 U.S.C. §§ 841(a)(1) & 846. Heisinger also received a three year special parole term. The terms of imprisonment were to run concurrently. Subsequently, Heisinger's coconspirator, Timothy Koon, received a similar sentence of imprisonment by a different district court,[2] but the sentence was suspended conditioned on Koon's satisfactory completion of a five year probation term. Thereafter Heisinger moved his sentencing court pursuant to Fed.R.Crim.P. 35(b) for a reduction of sentence.[3] The district court denied Heisinger's motion and this appeal followed. We affirm.

The sole issue on appeal is whether the district court abused its discretion in not reducing Heisinger's sentence in light of the lesser sentence received by Koon. Heisinger does not contend that his original sentence, standing alone, was improper or illegal. Heisinger complains that while Koon faced a greater possible maximum term of imprisonment (thirty years as compared to Heisinger's possible maximum of nineteen), Koon received a less severe sentence. The court will assume for the purpose of this appeal that Heisinger and Koon were equally culpable in the scheme to distribute controlled substances.[4]

When the sentence imposed by the district court is within the statutory limits, we will not disturb it on appeal unless the trial court abused its discretion. *Solem v. Helm*, 463 U.S. 277, 290 n. 16, 103 S.Ct. 3001, 3009 n. 16, 77 L.Ed.2d 637 (1983); *Castaldi v. United States*, 783 F.2d 119, 123 (8th Cir.1986). "Variation in sentence between coactors in a criminal transaction alone ... does not make the harsher sentence cruel or unusual." *United States v. Collins*, 690 F.2d 670, 674 (8th Cir.1982). Heisinger has not cited a single case where an appellate court has found a sentence to be an abuse of discretion simply because of disparity of sentencing between codefendants. We find Heisinger's argument particularly unavailing here where the sentences were imposed by different judges in different judicial districts.

Finding no abuse of discretion, we affirm the decision of the district court.

---

* The Honorable Earl R. Larson, United States Senior District Judge, District of Minnesota, sitting by designation.

1. The Honorable Richard H. Battey, United States District Judge, District of South Dakota.

2. The Honorable John L. Kane, Jr., United States District Judge, District of Colorado.

3. Koon pleaded guilty to two counts of possession with intent to distribute a controlled substance. 21 U.S.C. §§ 841(a)(1) & 846. He faced a maximum term of imprisonment of fifteen years on each count. He received concurrent ten year sentences on each count, plus special parole, which were suspended subject to five years probation.

4. Heisinger challenged the validity of the Pre-Sentence Investigation Report in a separate appeal. *United States v. Heisinger*, 833 F.2d 1269 (8th Cir.1987).