**UNITED STATES of America, Appellee,**

v.

**Matthew TRUPIANO, Appellant.**

No. 87–2711.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 20, 1988.

Decided Oct. 31, 1988.

Irl B. Baris, St. Louis, Mo., for appellant.

David M. Rosen, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before JOHN R. GIBSON, WOLLMAN, and BEAM, Circuit Judges.

WOLLMAN, Circuit Judge.

Matthew Trupiano appeals the district court's [1] denial of his motion for a reduction of sentence under Fed.R.Crim.P. 35. We affirm.

Between November 1982 and January 1983, Trupiano engaged in a gambling operation involving the results of college and professional football games. Although others were involved, Trupiano supervised and financed the operation.

---

1. The Honorable John F. Nangle, Chief Judge, United States District Court for the Eastern District of Missouri.

On July 19, 1984, a grand jury indicted Trupiano, along with nine others. The grand jury charged Trupiano with (1) violating 18 U.S.C. § 1955 by conducting an illegal gambling business in which more than five persons were involved; (2) attempting to evade the wagering occupational stamp tax due under 26 U.S.C. § 7201, failing to file the required return, and failing to pay the stamp tax; and (3) violating 26 U.S.C. § 7203 by failing to report the gross amount of bets that the gambling operation accepted and failing to pay a two percent excise tax based on these gross receipts. Trupiano was found guilty on all counts, whereupon the district court sentenced him to an aggregate term of four years' imprisonment, five years' probation, and a fine of $30,000 and costs of prosecution.

After his conviction was affirmed on appeal, 816 F.2d 414, (8th Cir.) Trupiano filed the present motion for relief under Fed.R. Crim.P. 35, which the district court denied. On appeal, Trupiano argues that the district court abused its discretion by imposing a disproportionate and excessive sentence and by denying his Rule 35 motion.

The district court has broad discretion in imposing sentences. A sentence that is within the statutory limits will generally not be overturned. *United States v. Heisinger*, 846 F.2d 1168, 1169 (8th Cir.1988). Trupiano's sentence is within the statutory limits. To set aside his sentence, therefore, Trupiano must clearly and convincingly prove that the district court abused its discretion or patently violated a constitutional guarantee. *United States v. Garcia*, 785 F.2d 214, 228 (8th Cir.), *cert. denied*, 475 U.S. 1143, 106 S.Ct. 1797, 90 L.Ed.2d 342 (1986).

After carefully reviewing the arguments marshaled in support of the Rule 35 motion, we conclude that Trupiano has not clearly and convincingly demonstrated that the district court abused its discretion or patently violated the eighth amendment in imposing the sentence it did. Accordingly, the order denying the motion is affirmed.