**UNITED STATES of America, Appellee,**

v.

**Lesley Claywood BERRY, Appellant.**

**No. 88–5493.**

United States Court of Appeals, Eighth Circuit.

Submitted April 27, 1989.

Decided May 26, 1989.

Lesley Claywood Berry, pro se.

John M. Lee, Minneapolis, Minn., for U.S.

Before McMILLIAN and FAGG, Circuit Judges, and HEANEY, Senior Circuit Judge.

PER CURIAM.

Lesley Claywood Berry appeals *pro se* from the district court's order denying several motions Berry filed concerning his request for reduction of sentence. *See* Fed. R.Crim.P. 35(b). We affirm.

Berry pleaded guilty to one count of conspiring to manufacture and distribute marijuana, *see* 21 U.S.C. § 841(a)(1) (1982), 21 U.S.C. § 841(b)(1)(A)(vii) (Supp. IV 1986), 21 U.S.C. § 846 (1982). The district court sentenced Berry to three years imprisonment. Berry then filed a series of motions seeking to reduce his sentence. After considering all of the grounds Berry raised in these motions, the district court denied Berry rule 35(b) relief.

On appeal, Berry renews some of the grounds he presented to the district court. These grounds are: (1) the court improperly considered the stalks of the marijuana plants in calculating the total quantity of

marijuana involved in Berry's offense; (2) his counsel acted under a conflict of interest because he "was being paid by the attorneys representing one of [Berry's codefendants] whose interests ran counter to Berry's;" and (3) his sentence was more severe than similarly situated coconspirators. In addition, Berry contends on appeal that his counsel was ineffective in not objecting to inaccurate information contained in the presentence investigation report (PSI). Finally, Berry contends the district court should have granted his postsentencing motion for discovery regarding the disputed amount of marijuana. We reject each of Berry's asserted grounds for relief.

■ First, we find meritless Berry's contention concerning the court's calculation of the quantity of marijuana. Although the statutory definition of marijuana specifically exempts the stalks, *see* 21 U.S.C. § 802(16) (Supp. IV 1986), the district court correctly noted the offense to which Berry pleaded guilty defines the illegal controlled substance as "1000 kilograms or more of a *mixture or substance containing a detectable amount of marihuana,*" *id.* § 841(b)(1)(A)(vii) (emphasis added). In view of this definition, the court did not commit error in sentencing Berry based on a quantity of marijuana that included the plants' stalks.

■ Second, Berry's conflict of interest claim requires him to "establish that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan,* 446 U.S. 335, 350, 100 S.Ct. 1708, 1719, 64 L.Ed.2d 333 (1980). While inherent dangers exist when a defendant's attorney is paid by a third party involved in the charged criminal enterprise, *see Wood v. Georgia,* 450 U.S. 261, 268–69, 101 S.Ct. 1097, 1101–02, 67 L.Ed.2d 220 (1981), Berry's only identified complaint about his lawyer's performance here is the asserted failure to object to inaccurate information in the PSI. This assertion, however, contradicts Berry's earlier representation to the United States Parole Commission that his attorney did indeed contest the amount of marijuana shown in the PSI. In addition, the district court specifically noted that it afforded both Berry and his counsel the opportunity before sentencing to comment on the PSI, and they did so. Berry's conflict of interest claim is thus without merit.

■ Turning to Berry's third claim, a disparity in sentences between coconspirators does not alone provide a basis for resentencing. *See United States v. Heisinger,* 846 F.2d 1168, 1169 (8th Cir.1988) (per curiam). Berry's three-year sentence is consistent with the terms of the plea agreement, and Berry does not argue it exceeds the applicable statutory maximum for his offense. Under these circumstances, we conclude the district court did not abuse its discretion in denying Berry's motion on this ground. *See id.*

Consistent with our decision on Berry's conflict of interest claim, the record also does not support a conclusion that Berry was prejudiced by his counsel's failure, if any, to object to information in the PSI. Absent proof of prejudice, Berry's ineffective assistance claim fails. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Finally, we have reviewed the record and conclude the district court did not abuse its discretion in denying Berry's request for postsentencing discovery. *See Smith v. United States,* 618 F.2d 507, 509 (8th Cir.1980) (per curiam).

Accordingly, we affirm the district court's order.