975 F.2d 866
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Kenneth A. POSSICK, Appellant,
v.
UNITED STATES OF AMERICA, Appellee.
 No. 92-1411.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 12, 1992.
Filed: August 27, 1992.
 
 Before FAGG, BOWMAN, and WOLLMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Kenneth A. Possick, a federal inmate, appeals from the district court's[1] order denying his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. We affirm.
 
 
 2
 Possick claimed that he was denied effective assistance at his trial on drug charges, because counsel had a conflict of interest which caused counsel to prevent Possick from testifying. Possick alleged that his brother-who was paying his trial counsel-was under investigation for his involvement in the drug charges, and that counsel wanted to avoid the possibility that Possick's testimony would incriminate the brother.
 
 
 3
 To prevail on his conflict-of-interest claim, Possick had to show that trial counsel actively represented conflicting interests, and that the conflict of interest adversely affected counsel's representation of Possick. See Strickland v. Washington, 466 U.S. 668, 692 (1984); Cuyler v. Sullivan, 446 U.S. 335, 348 (1980) (to establish Sixth Amendment violation, defendant who raised no objection at trial must show actual conflict of interest adversely affected his counsel's performance). Possick's conclusory allegations do not establish that counsel took action which was unfavorable to Possick in order to protect Possick's brother. See United States v. Shaughnessy, 782 F.2d 118, 120 (8th Cir. 1986) (per curiam) (although inherent dangers arise when criminal defendant is represented by lawyer hired and paid by third party, defendant must prove those dangers ripened into a conflict of interest).
 
 
 4
 We reject Possick's claim that, as a result of counsel's ineffectiveness, he was denied his right to testify. Possick concedes that he was aware of his right to testify, yet at no point during the trial did he personally attempt to assert this right. See United States v. Bernloehr, 833 F.2d 749, 752 (8th Cir. 1987) (defendant may not sit silently in apparent acquiescence in counsel's advice that he not testify, and later claim his will to testify was overcome). Significantly, Possick has not alleged what his trial testimony would have been, and thus he has not shown how his failure to testify prejudiced his defense.
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Clyde S. Cahill, Senior United States District Judge for the Eastern District of Missouri