**Alfonso GARFIAS, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 95–10339–MA.**

United States District Court,
D. Massachusetts.

June 28, 1995.

George W. Vien, U.S. Attys. Office, Boston, MA, for respondent U.S.

### MEMORANDUM AND ORDER

MAZZONE, District Judge.

The Petitioner, Alfonso Garfias, has filed a motion to vacate his guilty plea pursuant to 28 U.S.C. § 2255, alleging that he received ineffective assistance of counsel. Petitioner also seeks an evidentiary hearing on his motion and appointment of counsel. For the following reasons, I grant Petitioner's request for a hearing and counsel.

## I. BACKGROUND

On June 9, 1992, Petitioner pled guilty to a one-count indictment charging him and six other defendants with conspiracy to distribute cocaine. The charge against Petitioner was based on evidence that he delivered approximately 120 kilograms of cocaine in California. At Petitioner's sentencing hearing on August 28, 1992, I found him a "minimal participant" and therefore granted him a four-level reduction in his base offense level. This reduction resulted in a guideline range of 97–121 months. I then sentenced Petitioner to the statutory minimum mandatory sentence of 120 months.

In his affidavit and motion, Petitioner alleges that his sentence should be vacated on the basis of the following facts:

1. During the course of the proceedings described above, Petitioner became aware that Attorney Victor Sherman had been hired to represent him, and that Attorney Sherman was paid $60,000 in legal fees by his co-defendant, Mario Vicente Toro Soto.

2. During their discussions regarding a plea agreement, Attorney Sherman informed Petitioner that all of the defendants in the case had been offered a plea agreement, but that the deal was contingent upon the participation of all defendants. Thus, as explained by Attorney Sherman, if the Government proceeded to trial against one of the defendants, it would proceed on all.

3. At Attorney Sherman's "urging," Petitioner decided to accept the plea agreement offered by the Government.

4. While Petitioner was sentenced to ten years as a minimal participant, his co-defendant, Mario Vicente Toro Soto—who was a supplier of the cocaine—was sentenced to twelve and one-half years.

In response, the Government argues that Petitioner's motion should be summarily dismissed because (a) Petitioner's motion does not state a claim of ineffective assistance under *Strickland v. Washington*, 466 U.S. 668, 692–93, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984), and (2) in any event, Petitioner waived his ineffective assistance claim by not taking a direct appeal. As explained below, the Government is wrong on both counts.

## II. LEGAL DISCUSSION

### A. Ineffective assistance of counsel claim

▪ Summary dismissal of a § 2255 petition is only appropriate if it plainly appears from the face of the motion that the movant is not entitled to relief. *Carey v. United States*, 50 F.3d 1097, 1098 (1st Cir.1995) (citing Rule 4(b) of the Rules Governing § 2255 Proceedings). An evidentiary hearing is not required where a habeas motion (a) is inadequate on its face, or (b) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case. *Id.* In construing the facts, the court "must take the allegations contained in the petitioner's motion as true, except to the extent that 'they are contradicted by the record or are inherently incredible, and to the extent that they are merely conclusions rather than statements of fact.'" *Id.* (quoting *Mack v. United States*, 635 F.2d 20, 26–27 (1st Cir.1980)).

▪ The proper standard for evaluating a claim of ineffective assistance of counsel based upon an alleged conflict of interest was explained by the Supreme Court in *Cuyler v. Sullivan*, 446 U.S. 335, 348, 350, 100 S.Ct. 1708, 1718, 1719, 64 L.Ed.2d 333 (1980). In *Cuyler*, the Court held that "[i]n order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." *Id.* at 348, 100 S.Ct. at 1718. *See also United States v. Soldevila–Lopez*, 17 F.3d 480, 486 (1st Cir.1994) (quoting *Cuyler*, 446 U.S. at 348, 100 S.Ct. at 1718). The Court cautioned, however, that the mere possibility of a conflict "is insufficient to impugn a criminal conviction." *Cuyler*, 446 U.S. at 350, 100 S.Ct. at 1719. Rather, "[t]he conflict of interest must be actual or 'real.'" *Carey*, 50 F.3d at 1100 (quoting *United States v. Fahey*, 769 F.2d 829, 835 (1st Cir.1985)).

▪ Thus, under *Cuyler*, a defendant must allege both an "actual conflict" and an "adverse effect." To state facts sufficient for a finding of an "actual conflict," a defendant must allege "any situation in which [his] counsel owes conflicting duties to [him] and some other third person." *United States v. Cook*, 45 F.3d 388, 393 (10th Cir.1995). To state facts sufficient for a finding of "adverse effect," a defendant "must show (1) the lawyer could have pursued a plausible alternative defense strategy or tactic and (2) the alternative strategy or tactic was inherently in conflict with or not undertaken due to the attorney's other interests or loyalties." *Soldevila–Lopez*, 17 F.3d at 486. *See also Thomas v. Foltz*, 818 F.2d 476, 480 (6th Cir.), *cert. denied*, 484 U.S. 870, 108 S.Ct. 198, 98 L.Ed.2d 149 (1987) (explaining that, in the context of a guilty plea, the defendant must show that the actual conflict adversely affected the "voluntary nature" of his plea).

▪ A defendant who shows such a conflict of interest "need not demonstrate prejudice in order to obtain relief." *Cuyler*, 446 U.S. at 349–50, 100 S.Ct. at 1718–19. *See also Nix v. Whiteside*, 475 U.S. 157, 176, 106 S.Ct. 988, 999, 89 L.Ed.2d 123 (1986) (Blackmun J., concurring) ("In *Cuyler*, ... we held

**40**

that a defendant could obtain relief without pointing to a specific prejudicial default on the part of his counsel, provided it is established that the attorney was 'actively representing conflicting interests.' ") (quoting *Cuyler*); *Strickland*, 466 U.S. at 692–93, 104 S.Ct. at 2067–68 (explaining that ineffective assistance claims based on a conflict of interest do not require a showing of prejudice); *Stoia v. United States*, 22 F.3d 766, 771 (7th Cir.1994) (explaining difference between *Strickland*'s prejudice requirement and *Cuyler*'s lesser "adverse effect" standard); *Soldevila–Lopez*, 17 F.3d at 486 & 487 n. 5 (explaining applicability of *Cuyler* in an ineffective case based on an alleged conflict); *Foltz*, 818 F.2d at 480 n. 3 ("It bears repeating that [the adverse affect] element ... does not require a showing of prejudice as required under *Strickland;* it imposes the lesser burden of having to prove some adverse impact."); *Fahey*, 769 F.2d at 835 (similar). *But see Carey*, 50 F.3d at 1101 (applying in *dictum* the *Strickland* prejudice analysis to ineffective assistance claim based on a conflict of interest).

■ Applying these principles to the case at hand and reading the allegations in Petitioner's motion as true, I must determine whether Petitioner has alleged facts sufficient to entitle him to an evidentiary hearing on the question of whether his attorney suffered under (1) an "actual conflict" of interest which (2) "adversely affected" his attorney's performance. *Cuyler*, 446 U.S. at 348, 100 S.Ct. at 1718.

### 1. Actual Conflict

To state a claim of actual conflict under *Cuyler*, Petitioner must allege a situation during the plea negotiations in which his counsel owed conflicting duties to him and "some other third person." *Cook*, 45 F.3d at 393. In his motion to vacate, Petitioner asserts that his attorney's advice to accept the guilty plea offered by the Government was tainted because Petitioner's attorneys' fees were paid by a more culpable co-defendant, who—according to Petitioner—stood to benefit greatly from the plea agreement.

On this very question, the Supreme Court has warned of

the inherent dangers that arise when a criminal defendant is represented by a lawyer hired and paid by a third party, particularly when the third party is the operator of the alleged criminal enterprise. One risk is that the lawyer will prevent his client from obtaining leniency by preventing the client from offering testimony against [the operator] or from taking other actions contrary to the [operator's] interest.

*Wood v. Georgia*, 450 U.S. 261, 268–69, 101 S.Ct. 1097, 1102, 67 L.Ed.2d 220 (1981). Heeding this warning, the Ninth Circuit—in a recent case involving allegations of a third-party fee arrangement—reversed a district court's summary dismissal of a habeas writ and ordered it to hold an evidentiary hearing on the ineffective assistance claim. *Quintero v. United States*, 33 F.3d 1133 (9th Cir.1994). The Ninth Circuit began its opinion by stating:

This opinion is being published to alert trial judges, particularly in drug cases, to determine whether or not third parties are paying the fees of retained counsel when the defendant is indigent and, if so, whether the defendant understands the potential conflict of interest that may exist in such an arrangement and voluntarily waives that conflict.

*Id.* at 1134. In *Quintero*, the court held that the petitioner's allegations of a third-party fee arrangement were sufficient to state a claim of an "actual conflict" under *Cuyler*. *Id.* at 1135. I similarly find Petitioner's allegations in the instant case sufficient to state a claim of an "actual conflict" under *Cuyler*.

### 2. Adverse Effect

Having stated a claim of an "actual conflict," Petitioner must next show how that conflict "adversely affected" his representation. To do this, Petitioner must allege that due to the conflict (1) his lawyer could have pursued a plausible alternative defense strategy or tactic and (2) the alternative strategy or tactic was inherently in conflict with or not undertaken due to his attorney's other interests or loyalties. *Soldevila–Lopez*, 17 F.3d at 486.

Petitioner's allegations, if true, satisfy this test. First, in the absence of the alleged fee arrangement, Petitioner's attorney might have pursued the "plausible alternative defense strategy" of rejecting the plea offer and proceeding to trial. *Soldevila–Lopez,* 17 F.3d at 486. Second, a recommendation to Petitioner that he proceed to trial would have been "inherently in conflict" with the interests of the co-defendant who was paying Petitioner's legal fees, and who allegedly stood to benefit greatly from the proposed plea agreement. *Id.; cf. Quintero,* 33 F.3d at 1136–37 (finding "adverse effect" where "counsel's advice to reject a plea agreement could have been motivated by a desire to keep [petitioner] from implicating the fee payer").

In sum, therefore, I hold that Petitioner has satisfied his dual evidentiary burden under *Cuyler,* and that summary dismissal of Petitioner's habeas motion is inappropriate at this time. I find support for this ruling in a line of cases where courts have denied habeas writs despite evidence of a third-party fee arrangement. In these cases, courts have denied the writ only after giving the petitioner an evidentiary hearing, and subsequently finding that the petitioner could not allege any credible "adverse effect." *See United States v. Berry,* 876 F.2d 55, 56 (8th Cir. 1989) (denying habeas writ where alleged "adverse" action taken by counsel was contradicted by the record); *United States v. Shaughnessy,* 782 F.2d 118, 120 (8th Cir. 1986) (per curiam) (denying habeas writ where petitioner failed to show an "adverse effect"); *United States v. Scharrer,* 614 F.Supp. 234, 242 (D.C.Fla.1985) (denying habeas writ where "the record fails to show any specific instance in which [petitioner's] attorney was forced to choose between divergent interests"); *cf. Danner v. United States,* 820 F.2d 1166, 1170 (11th Cir.1987) (denying habeas writ where petitioner "has pointed to no specific instances suggesting that [his attorney] compromised his defense in order to foster [his co-defendant's] case" as a result of

"unusual" fee arrangement); *United States v. Aiello,* 681 F.Supp. 1019, 1024–25 (E.D.N.Y.1988) (denying habeas writ where petitioner could point to no action taken by his counsel which "could logically have been related to a conflict of interest" stemming from the "unconventional" fee arrangement).

Unlike these cases, however, the allegations contained in Petitioner's motion satisfy both prongs of *Cuyler.* According to Petitioner, the alleged conflict was caused by the fee-paying arrangement, and the "adverse effect" of the conflict was the "urging" of his attorney that he plead guilty.[1]

My ruling does not in any way suggest a view of the ultimate merits of Petitioner's claims. Rather, as previously explained, I merely find that Petitioner's allegations are sufficient to afford him the opportunity "to come forward with proof at a hearing, with the assistance of appointed counsel." *United States v. Rodriguez Rodriguez,* 929 F.2d 747, 752 (1st Cir.1991).

At that hearing, Petitioner must—of course—be able to prove the allegations contained in his motion in order to successfully make out a Sixth Amendment violation. It is important to note, however, that Petitioner is not required under *Cuyler* to prove prejudice, i.e., that he would have rejected the guilty plea in the absence of the conflict. *Foltz,* 818 F.2d at 483. *See also Camera v. Fogg,* 658 F.2d 80 (2d Cir.), *cert. denied,* 454 U.S. 1129, 102 S.Ct. 981, 71 L.Ed.2d 117 (1981) (explaining that *Cuyler* requires the court to find merely that something favorable to defendant *could* have occurred—as opposed to *would* have occurred—in the absence of the conflict). Rather, "the proper focus is solely on whether [his attorney's] conflict affected his actions and [Petitioner's] decision" to plead guilty. *Foltz,* 818 F.2d at 483. "[I]t is inappropriate to consider whether another attorney, untainted by a conflict of interest, would also have recommended that [petitioner] plead guilty." *Id.* As explained above, the Supreme Court in

---

1. I note that Petitioner appears also to be asserting that his representation suffered an "adverse effect" during sentencing. Petitioner cannot prove this allegation because—once he decided to plead guilty—his counsel secured for him a four level reduction in his base offense level under the Guidelines, which resulted in a sentence equal to the statutory *minimum* mandatory.

both *Cuyler* and *Strickland* made clear that a Petitioner is not required to show prejudice where an actual conflict is proven. *Strickland*, 466 U.S. at 692–93, 104 S.Ct. at 2067; *Cuyler*, 446 U.S. at 349–50, 100 S.Ct. at 1718–19. "The conflict itself demonstrate[s] a denial of the right to have the effective assistance of counsel." *Cuyler*, 446 U.S. at 349, 100 S.Ct. at 1719 (internal quotations omitted).

### B. Waiver

 The Government argues in the alternative that—even if Petitioner's motion states a claim, Petitioner waived the claim by not pursuing it on a direct appeal. As explained by the First Circuit, however, since a claim of ineffective assistance is a constitutional claim, it is not subject to the normal rule which bars a claim from being raised collaterally where it was not raised on direct appeal. *Knight v. United States*, 37 F.3d 769, 774 (1st Cir.1994). The exception for ineffective assistance claims exists because "a criminal defendant may still have been represented on appeal by the counsel whose assistance the defendant is now challenging...." *Id.* Indeed, the First Circuit "has repeatedly held that collateral attack is the *preferred* forum for such claims, since there is often no opportunity to develop the necessary evidence where the claim is first raised on direct appeal." *Id.* (emphasis in original).

The Government contends that this case law is distinguishable because here Petitioner "chose to bypass the direct appeal procedure entirely." Government's Response to Alfonso Garfias' Section 2255 Petition at 2 n. 1. The Government cites no authority for that proposition, and I do not find it persuasive. The attorney who was representing Petitioner at the time that he would have made the decision to take a direct appeal was the very same attorney whose loyalty is at issue here. I find the reasoning of *Knight* applies with equal force in this case.

I therefore hold that Petitioner did not waive his ineffective assistance claim by failing to take a direct appeal. I will rule on the substantive merits of his claim after an evidentiary hearing on the substantive merits of his claim after an evidentiary hearing in accordance with this opinion.

### III. CONCLUSION

Petitioner has filed a motion to vacate his guilty plea, claiming ineffective assistance of counsel in violation of the Sixth Amendment. His claim is based on allegations that: (a) upon the "urging" of his attorney, he accepted a plea agreement which was contingent upon unanimity; (b) his attorneys' fees were paid for by a more culpable co-defendant; and (c) the co-defendant stood to benefit greatly from the plea agreement. For the reasons explained above, I find that these allegations, taken as true, state a claim for ineffective assistance under *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980).

Accordingly, I grant Petitioner's request for an evidentiary hearing and will appoint counsel to represent him in this matter. Since Petitioner is now in custody, the United States is ordered to present him in this district within 60 days for appointment of counsel and preparation for the evidentiary hearing. After this hearing, I will rule on the substantive merits of Petitioner's motion to vacate his guilty plea [docket #134].

SO ORDERED.