UNITED STATES of America,
Plaintiff,

v.

Herbert A. DANIELS, Defendant.

No. CRIM.A. 01–40002–01–KHV.

United States District Court,
D. Kansas.

Sept. 20, 2001.

## MEMORANDUM AND ORDER

VRATIL, District Judge.

The United States has charged defendant with numerous counts of health care fraud, mail fraud and perjury. This matter is before the Court on the Government's Motion For Determination Of Conflict (Doc. # 73) filed August 31, 2001. On September 6 and 17, 2001, the Court held a hearing on the government's motion, including an *ex parte, in camera* review of certain documents as well as an *ex parte* inquiry of defense counsel and defendant. For reasons set forth below, the Court sustains the government's motion, but finds that no conflict of interest exists.

### Factual Background

On February 14, 2001, a grand jury returned a first superseding indictment which charges defendant with 36 counts of health care fraud in violation of 18 U.S.C. § 1346, seven counts of mail fraud in violation of 18 U.S.C. § 1341 and four counts of perjury in violation of 18 U.S.C. § 1623(a). See First Superseding Indictment (Doc. # 12). Defendant retained Thomas J. Bath, Jr. of Bath & Edmonds and Jeffrey D. Morris of Berkowitz, Feldmiller, Stanton, Brandt, Williams & Shaw as counsel.

Several of the victims identified in the indictment have filed medical malpractice suits against defendant. The law firm of Logan & Logan represents defendant in a number of these suits. On August 28, 2001, the Logan & Logan law firm entered its appearance in this action. Mr. Bath and Mr. Morris remain as counsel for defendant.

The government argues that the Logan & Logan law firm may have a conflict of interest because defendant's malpractice insurance carrier is paying its legal fees.

### Analysis

Rule 1.7(b) of the Kansas Rules of Professional Conduct provides that "[a] lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless: (1) the lawyer reasonably believes the representation will not be adversely affected; and (2) the client consents after consultation." Kan. Sup.Ct. Rule 226. An actual conflict of interest results if counsel is "forced to make choices advancing other interests to the detriment of his client." *United States v. Alvarez*, 137 F.3d 1249, 1252 (10th Cir.1998). Although the Court has latitude to refuse a waiver of an actual or potential conflict, it must recognize a presumption in favor of defendant's counsel of choice. See *Wheat v. United States*, 486 U.S. 153, 163, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988). That presumption may be overcome by a demonstration of an actual conflict or by a showing of "a serious potential for conflict." *Id.* at 164, 108 S.Ct. 1692. The Supreme Court has noted that inherent dangers "arise when a criminal defendant is represented by a lawyer hired and paid by a third party." *Wood v. Georgia*, 450 U.S. 261, 268–69, 101 S.Ct. 1097, 67 L.Ed.2d 220 (1981) (footnote omitted). Such dangers ordinarily arise in the criminal context when the third party is a co-defendant who is a leader of or significantly more involved in the alleged criminal enterprise. See, e.g., *id.*; *United States v. Shaughnessy*, 782 F.2d 118 (8th Cir.1986).

Here, the dangers ordinarily present with a third-party fee arrangement are significantly mitigated by two factors. First, in addition to Logan & Logan, defendant is represented by two capable and experienced criminal defense attorneys who are not hindered by any actual or

potential conflict. During the case, defendant may consult these independent attorneys regarding any concern he may have about the advice of Logan & Logan or whether a potential criminal defense strategy is consistent with coverage for any adverse judgments in the civil actions. The government has not shown that the same scrutiny of third-party fee arrangements applies where a defendant is represented by two additional law firms which defendant has personally retained and for whose services he is personally responsible. Second, the third party in this case is an insurance company, not a co-defendant or an anonymous leader of a criminal enterprise. Cf. *Wheat*, 486 U.S. at 163–64, 108 S.Ct. 1692 (attorney proposed to defend three conspirators of varying stature in a complex drug distribution scheme); *Quintero v. United States*, 33 F.3d 1133, 1135 (9th Cir.1994) (in drug conspiracy case involving large quantities of cocaine, attorneys fees paid by unknown third parties; attorney would not and could not identify who was paying for fees).

■■■ Pursuant to established insurance law principles, insurance companies often hire independent counsel to represent an insured while reserving the right to later contest coverage. See *Patrons Mut. Ins. Ass'n v. Harmon*, 240 Kan. 707, 712, 732 P.2d 741, 745 (1987). In such circumstances, retained counsel owe their duty of loyalty to the insured, not the insurance carrier.[1] Likewise, the conflicts rules in the Model Rules of Professional Conduct are based on the principle that loyalty is an essential element in the lawyer's relationship to a client. See Comment to Rule 1.7 of the Model Rules. In

contrast to a co-defendant or an uncharged leader of a criminal enterprise who may not understand the ethical obligations of retained counsel, an insurance carrier necessarily understands that retained counsel owes its duty of loyalty to the defendant, not the insurance carrier who pays them. Likewise, the Logan & Logan law firm has evinced a clear understanding of its ethical obligation to defendant and has articulated in no uncertain terms its willingness and ability to discharge that obligation. Based on the Court's *in camera* review, the Court finds that the third-party fee arrangement in this case does not create a conflict, or a likelihood of a potential conflict, for the Logan & Logan firm. See *Danner v. United States*, 820 F.2d 1166, 1170 (11th Cir.1987) (unusual nature of fee transactions insufficient to establish actual conflict).

The government suggests that Logan & Logan may be in a "conflicts dilemma" because through the civil suits, it has access to information which it would not have in the criminal case absent a Court order under Rule 17(c), Fed.R.Crim.P., and which it could use in the criminal case only by violating the limited authorizations and releases provided by the civil plaintiffs. Attorneys are often faced with similar decisions. For example, the Court may rule that certain topics (though favorable to the attorney's client) are inadmissible. The attorney, armed with knowledge of the inadmissible information, must conduct his examination so that he avoids the excluded topics. The government does not explain how such "dilemmas" present ethical conflicts. If Logan & Logan is prohibited

---

1. This case presents a slightly different wrinkle because the insurance carrier is not obligated to provide Dr. Daniels counsel in this matter. Because counsel's duty of loyalty is to Dr. Daniels, not the insurance carrier, the Court finds that the voluntary nature of the payments is not material to the conflicts determination. In the civil context, insurance companies often provide a defense (at least initially) while contesting an obligation to defend or indemnify an insured. Even in such "voluntary" payment situations, counsel retained by the insurance carrier owes their duty of loyalty to the insured.

from presenting certain information because of the limited releases in the civil cases or because such information is irrelevant (issues which the Court need not decide at this stage), its attorneys will have to abide by that ruling just as any other attorney. The fact that Logan & Logan represents defendant in the civil actions does not change the analysis. The issue is an evidentiary one, not an ethical one.

In sum, the Court finds that Logan & Logan's representation of Dr. Daniels does not constitute an actual conflict of interest. Logan & Logan and defendant do not have inconsistent interests. See *Alvarez*, 137 F.3d at 1252 (absent showing of inconsistent interests, any alleged conflict remains hypothetical). In addition, based on the facts presented in the *in camera* hearing, the Court finds that Logan & Logan's representation does not present a "serious potential for conflict" during the course of the case. *Wheat*, 486 U.S. at 164, 108 S.Ct. 1692.

## II. Waiver

■ Even if a conflict of interest existed by virtue of the insurance carrier's payment of fees for Logan & Logan, the firm may still represent defendant because (1) counsel reasonably believes (as does the Court) that the representation will not be adversely affected by any potential conflict and (2) defendant has knowingly and voluntarily consented after consultation with independent counsel. See Rule 1.7(b) of the Model Rules of Professional Conduct, Kan. Sup.Ct. Rule 226. These facts were presented and adequately established at the Court's *in camera* proceeding.

**IT IS THEREFORE ORDERED** that the Government's Motion For Determination Of Conflict (Doc. # 73) filed August 31, 2001 be and hereby is **SUSTAINED**. Based on the Court's *in camera* review of the documents submitted by defendant and his counsel, the Court finds that no actual or potential conflict arises from Logan & Logan's representation of defendant in this matter. To the extent any such conflict might arguably exist, defendant has knowingly and voluntarily consented to Logan & Logan's representation after consultation with independent counsel.

**IT IS FURTHER ORDERED** that the record of the *ex-parte, in camera* proceedings on September 6 and 17, 2001 along with exhibits introduced at that hearing, shall be filed and maintained under seal pending further order of the Court.